AMIN TALATI WASSERMAN LLP
William P. Cole, Bar No. 186772
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:    (213) 933-2330
Fax:    (312) 884-7352
william@amintalati.com

AMIN TALATI WASSERMAN LLP
Jonathan Krit, *pro hac vice* forthcoming
Manon Burns, Bar No. 347139
549 W Randolph St., Ste. 400
Chicago, IL 60661
Tel: (312) 466-1033
Fax: (312) 884-7352
jonathan@amintalati.com
manon@amintalati.com

Attorneys for Plaintiff
Biomax Health Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOMAX HEALTH PRODUCTS LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>PERFECTX USA, a business entity of unknown type and organization,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND UNFAIR AND DECEPTIVE BUSINESS PRACTICES** |

1

<u>**COMPLAINT**</u>

2

Plaintiff Biomax Health Products, LLC ("Plaintiff" or "Biomax"), by and through its counsel,

3

hereby brings this action again Perfectx USA ("Defendant") for trademark infringement in violation

4

of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125; unfair competition in violation of the

5

Lanham Act, 15 U.S.C. § 1125(a); false advertising in violation of the Lanham Act, 15 U.S.C. §

6

1125(a)(1)(b); unfair and deceptive business practices in violation of Cal. Bus. and Prof. Code §

7

17200, *et seq.*; false advertising in violation of Cal. Bus. and Prof. Code § 17500, *et seq.*, and

8

California common law unfair competition, and alleges as follows:

9

<u>**NATURE OF THE ACTION**</u>

10

1. This is an action arising out of Defendant's willful infringement, bad faith passing off,

11

and intentional siphoning of the good will of Plaintiff's registered PENETREX® word mark (the

12

"PENETREX® Word Mark") and its common law  design

13

mark (the "PENETREX Design Mark") and trade dress (the "PENETREX Trade Dress")

14

(collectively, the "PENETREX Trademarks"), through the unlawful and unauthorized sale and false

15

advertising of infringing PERFECTX-branded topical cream products.

16

2. As shown below, Defendant's infringing PERFECTX-branded products are intended

17

to mimic Plaintiff's PENETREX products and pass off Defendant's goods as Plaintiff's:

18

19

20

21

22

23

24

25

26

 

27

**Plaintiff's PENETREX® Intensive**          **Defendant's PERFECTX Intensive**

28

**Concentrate Cream**                        **Concentrate Cream**

3.     In addition to marketing and selling infringing PERFECTX-branded products, Defendant has also infringed Plaintiff's PENETREX Trademarks by, *inter alia*, advertising infringing PERFECTX-branded products using images and videos containing Plaintiff's PENETREX Trademarks, creating a false association between Plaintiff and Defendant.

4.     Plaintiff has received numerous reports of actual confusion from consumers questioning the association between PENETREX® and PERFECTX, as well as complaints about the quality of the PERFECTX-branded products, causing injury to Plaintiff in the form of, at least, lost sales and damaged reputation.

5.     In addition to damages, Plaintiff is seeking a temporary restraining order, an expedited hearing for a preliminary injunction and expedited discovery, and ultimately a permanent injunction, enjoining Defendant from marketing and selling infringing products in the United States.

6.     Plaintiff has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined, and there is no adequate remedy at law.

### PARTIES

7.     Plaintiff Biomax is a Delaware limited liability company with an address at 1880 Camino de la Reina Park #1040; San Diego, CA 92108.

8.     Plaintiff is the maker of topical analgesic products, cosmetics, and dietary supplements, and is the exclusive distributor of PENETREX® joint and muscle topical cream products.

9.     Defendant is a manufacturer and seller of goods on internet commerce sites such as Amazon.com. Upon information and belief, Defendant is located in China. Two web pages on the website Facebook.com purporting to be "Perfectx USA" and offering to sell the infringing products at issue provide the address 548 Market St. #14148, San Francisco, CA 94104 and 2375 Public Works Drive, New York, NY 10001. Upon information and belief, the New York address is fictitious. A trademark application for the mark PERFECTX in connection with topical analgesic creams in the name of Damei Feng, at the address No. 40, Xiangpuchong Village Tangpeng Town Lianjiang, Guangdong CHINA 524400 is currently pending at the United States Patent and Trademark Office.

10.     Upon information and belief, Defendant is a business entity of unknown type and organization that directs and controls numerous storefronts on Amazon.com and other internet commerce websites offering for sale PERFECTX-branded topical cream products.

11.     Upon information and belief, Defendant additionally directs and controls third party entities with storefronts on Amazon and other internet commerce websites to offer Defendant's PERFECTX-branded topical cream products.

12.     Upon information and belief, Defendant and affiliated third party entities operating internet commerce storefronts selling Defendant's infringing PERFECTX-branded topical creams use false and/or fictious addresses and names in connection with their storefronts. Defendant further evades disclosure of its true identity and location by omitting such information from its product packaging. Under FDA regulations 21 CFR § 201.1, products such as those at-issue are required to state the name and address of the manufacturer, packer, or distributor of the product, or the product will be considered misbranded. Defendant's infringing products are devoid of any information identifying the location of their manufacturer, packer, or distributor.

## JURISDICTION

13.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement, false advertising, and unfair competition claims, which arise under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.*

14.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the asserted state law claims because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

15.     Upon information and belief, this Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of doing business in California, and has otherwise engaged in continuous and systemic business contacts with California and consumers therein, by transacting business in this District by offering for sale and selling infringing PERFECTX-branded products to consumers in California and in this District through online retailers and marketplaces, and by selling and/or distributing infringing PERFECTX-branded products from a location within this District.

**VENUE AND INTRADISTRICT ASSIGNMENT**

16.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to this action occurred in this District. Plaintiff is informed and believes, and on that basis alleges, that Defendant has and/or is currently selling its goods throughout California using online portals and online retail sellers that sell to California consumers, including those in the Northern District of California.

17.     This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in San Francisco County.

18.     Specifically, Defendant has identified an address within San Francisco County as its place of business.

**FACTUAL ALLEGATIONS**

**Plaintiff Biomax's PENETREX Trademarks**

19.     Plaintiff Biomax is a distributor of topical analgesics, cosmetics, and dietary supplements.

20.     Plaintiff markets and sells its products under the brand name PENETREX®.

21.     Plaintiff has been marketing and selling a topical cream product directed to joint and muscle therapy under the PENETREX® Word Mark and PENETREX Trade Dress since as early as December 1, 2007.

22.     As used herein, the PENETREX Trade Dress refers to the overall look and feel of the customer-facing packaging and container and includes such elements as choice of font and layout for the product information following the PENETREX® Word Mark.

23.     Plaintiff devotes a significant amount of time, energy, and resources toward protecting the quality and value of its PENETREX® brand, products, and reputation, including significant marketing and advertising expenditures.

24.     Plaintiff's high quality PENETREX® products are available for purchase only through Plaintiff and its authorized sellers through internet sales and select retail stores.

- 4 -

25.     By distributing products exclusively through its own website, Amazon Storefront, and its Authorized Resellers, Plaintiff is able to ensure the safety, well-being, and satisfaction of consumers and maintain the integrity and reputation of the PENETREX® brand.

26.     To promote and protect the PENETREX® brand, Plaintiff Biomax has registered and applied for multiple trademarks with the United States Patent and Trademark Office.

27.     Among those trademarks, Plaintiff owns all right, title, and interest to U.S. Trademark Registration No. 4,156,859 for the PENETREX® Word Mark in International Class 005 which grants Plaintiff the right to exclude others from using confusingly similar marks on topical analgesic creams and related goods and services.

28.     The PENETREX® Word Mark trademark application was filed on July 15, 2011, with a claimed first use date of at least as early as December 1, 2007. The PENETREX® Word Mark was registered on June 12, 2012, and its Declaration of Incontestability was accepted on July 31, 2017.

29.     A true and correct copy of the Registration Certificate of U.S. Trademark Registration No. 4,156,859 is attached hereto as Exhibit A.

30.     The PENETREX® Word Mark's registration and incontestability serve as conclusive evidence of Plaintiff's ownership of the mark and exclusive right to use and direct the use of the mark in commerce in connection with the sale and distribution of topical analgesic creams and related goods.

31.     Plaintiff has continuously used, advertised, and marketed the PENETREX® Word Mark and PENETREX Trade Dress in commerce in the United States since at least as early as December 1, 2007.

32.     As a result of the foregoing, the PENETREX® Word Mark and PENETREX Trade Dress are widely recognized by consumers of topical analgesic and related goods, and specifically recognized as emanating from Plaintiff Biomax.

33.     In May of 2022, Plaintiff began marketing and selling its topical cream products in association with the PENETREX Design Mark ▬▬▬▬▬▬▬ .

34.     As with the PENETREX® Word Mark and Trade Dress, Plaintiff has devoted a significant amount of time, energy, and resources toward protecting the quality and value of its

PENETREX Design Mark, products, and reputation, including significant marketing and advertising expenditures.

35.    Plaintiff has continuously used, advertised, and marketed the PENETREX Design Mark in commerce in the United States since at least as early as May of 2022.

36.    As a result of its widespread, continuous use and advertising of the PENETREX Design Mark, consumers recognize the ▬▬▬▬▬▬▬▬ Design Mark as emanating from Plaintiff.

**PENETREX® Intensive Concentrate Cream and Trade Dress**

37.    PENETREX® is comprised of a unique formulation, using natural ingredients like Arnica, Vitamin B6, and MSM to relieve muscle and joint discomfort.

38.    Plaintiff's most popular PENETREX® product is its Intensive Concentrate Cream, depicted below, sold in a white jar incorporating the PENETREX® Word Mark, PENETREX Design Mark, and PENETREX Trade Dress:



**Plaintiff's PENETREX® Intensive Concentrate Cream**

39.    Due to the superior quality and exclusive distribution of PENETREX® products, and because Plaintiff is recognized as the source of high quality products, the PENETREX Trademarks have substantial value.

**Defendant's Infringing PERFECTX Products**

40.    In or around February of 2023, Defendant began marketing and selling PERFECTX-branded topical cream products, as shown in the image below, through, *inter alia*, Amazon and Facebook, as well as numerous other websites:

1
2
3
4
5
6
7
8



**Defendant's PERFECTX Intensive Concentrate Cream**

9

10    41.    Accordingly, Plaintiff Biomax has used its PENETREX Trademarks continuously in

11 commerce in connection with its topical cream products well before Defendant's first use thereof.

12    42.    Defendant's goods are identical and highly related to the topical cream products sold

13 under the PENETREX Trademarks.

14    43.    Defendant's topical cream products are sold to the same consumers seeking Plaintiff's

15 products, through the same trade channels (i.e., Amazon) and advertised through the same marketing

16 channels (i.e., Facebook advertising) as Plaintiff's topical cream goods.

17    44.    Defendant's and Plaintiff's products are relatively inexpensive, causing consumers to

18 exercise less care when purchasing the products.

19    45.    Defendant's "PERFECTX" mark is substantially similar in sight, sound, and

20 commercial impression to Plaintiff's PENETREX® Word Mark.

21    46.    Moreover, Defendant's PERFECTX-branded products have used an identical design

22 mark to Plaintiff's ▬▬▬▬ Design Mark and substantially similar

23 trade dress to Plaintiff's Trade Dress.

24    47.    Defendant's PERFECTX products intentionally mimic Plaintiff's PENETREX

25 Trademarks and the overall trade dress of Plaintiff's PENETREX products to confuse consumers into

26 believing that Plaintiff is the source of Defendant's products:

27
28





**Plaintiff's PENETREX® Intensive
Concentrate Cream**

**Defendant's PERFECTX Intensive
Concentrate Cream**

48.     As shown above, Defendant's PERFECTX-branded product design is nearly identical to that of Plaintiff's PENETREX® intensive concentrate cream, including the PENETREX® Word Mark, PENETREX Design Mark, and PENETREX Trade Dress, font, packaging, and placement of design elements.

49.     Defendant's PERFECTX-branded products are of a significantly lower quality than Plaintiff's PENETREX® products.

50.     Defendant's PERFECTX-branded products have received numerous consumer reviews critical of the product quality.

51.     As a result of Defendant's marketing and sale of substantially similar marks and trade dress on related goods, Plaintiff has been damaged by, at least, lost sales and harmed reputation due to the low quality of Defendant's products.

52.     Defendant's willful and malicious intent to trade off of Plaintiff's good will is even more apparent when considering Defendant's advertising tactics.

53.     Defendant has marketed its infringing PERFECTX-branded products through numerous channels, including through, *inter alia*, Facebook advertisements.

54.     Several of Defendant's advertisements for PERFECTX products include images appropriated from Plaintiff's advertisements and show individuals holding Plaintiff's PENETREX® Intensive Concentrate Cream instead of Defendant's PERFECTX-branded cream, such as shown

below. Defendant captions its advertisements with outlandish claims regarding the capabilities of its PERFECTX products.





**Advertisement for Defendant's PERFECTX-branded Products**

55.     On information and belief, by displaying Plaintiff's PENETREX® Word Mark, PENETREX Trade Dress, and PENETREX product packaging in its own advertisements, Defendant willfully and in bad faith intends to create an association between Defendant and Plaintiff, and to pass off Defendant's goods as Plaintiff's goods.

56.     Defendant also makes outlandish and false claims regarding the efficacy of its PERFECTX products.

57.    For example, Defendant's advertisements falsely depict its product curing severe orthopedic conditions, such as in the following images from Defendant's advertisements.




58.    One of Defendant's pages on Facebook.com falsely describes the PERFECTX product as: "A magical healing cream that eliminates joint inflammation and other orthopedic issues in as little as three weeks!"

59.    Defendant's false efficacy claims for its PERFECTX products have a tendency to deceive consumers and materially influence their decision to purchase the PERFECTX products.

60.    Moreover, Defendant's advertisements and product packaging state that the products are manufactured in the United States, when, on information and belief, they are actually manufactured in China.

61.    Defendant's product packaging stating that the PERFECTX product is manufactured in the United States is shown below:



62.     The image of a heart figure stylized to resemble an American flag also appeared on Plaintiff's PENETREX product packaging prior to the introduction of Defendant's PERFECTX products and, upon information and belief, was wholly appropriated by Defendant for use on its packaging.

**Actual Consumer Confusion**

63.     Defendant's use of an infringing PERFECTX mark, identical design mark, and identical trade dress to those used by Plaintiff has caused actual confusion in the marketplace.

64.     Due to Defendant's willful infringement and false advertising, Plaintiff Biomax has received multiple reports from consumers who have been confused regarding the source of Plaintiff and Defendant's topical cream products.

65.     Moreover, Plaintiff's reputation has been irreparably harmed by Defendant's infringement, as consumers have complained directly to Plaintiff and publicly written bad reviews concerning their disappointment with the low quality and ineffectiveness of Defendant's products, assigning blame to Plaintiff for Defendant's defective goods.

66.     Defendant's infringing actions have misled and will continue to mislead consumers into believing that Defendant's products are somehow affiliated with Plaintiff and its PENETREX Trademarks, or that Plaintiff has approved, sponsored, or supplied products to Defendant.

67.     Defendant's infringement of the PENETREX Trademarks was and is willful and intentional, with full knowledge of Plaintiff's prior rights.

68.     Defendant's use of its infringing PERFECTX mark and trade dress in connection with its topical cream products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Defendant and Plaintiff, and/or is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's infringing "PERFECTX" goods and Plaintiff's PENETREX® products, Trademarks, and related commercial activities.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

69.     Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as

if fully set forth herein.

70.    Plaintiff's registered PENETREX® Word Mark is a valid and enforceable registered trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the PENETREX® Word Mark in interstate commerce since at least as early as December 1, 2007.

71.    Plaintiff owns all right, title, and interest in U.S. Trademark Registration No. 4,156,859 for PENETREX® in association with topical analgesic creams and is entitled to exclude others from using confusingly similar marks on related goods.

72.    Plaintiff's PENETREX Word Mark is also valid, enforceable, and protectable under the Lanham Act as a common law word mark used in association with topical cream products since at least as early as December 1, 2007.

73.    Defendant uses an infringing PERFECTX word mark in commerce in connection with topical creams that is similar in sight, sound, and meaning to Plaintiff's PENETREX® Word Mark.

74.    Plaintiff also owns exclusive rights to its common law PENETREX Trade Dress, which it has used continuously in commerce since at least as early as December of 2007, and its PENETREX Design Mark, , which it has used continuously in commerce since at least May of 2022. Plaintiff's PENETREX Design Mark and Trade Dress are valid and enforceable common law trademarks entitled to protection under the Lanham Act.

75.    Defendant has used an identical infringing design mark and infringing trade dress in association with its infringing PERFECTX-branded goods.

76.    Defendant's use of the infringing marks is without Plaintiff's authorization or consent.

77.    Defendant's use of the infringing marks is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(1).

78.    Plaintiff has expended substantial sums, time, and effort in marketing and selling its PENETREX® branded products.

79.    Notwithstanding Plaintiff's established rights in the PENETREX Trademarks, since at least February of 2023 Defendant has adopted and made unauthorized use of the substantially similar mark PERFECTX and substantially similar design mark and trade dress in interstate commerce in

connection with related goods.

80.     Defendant has infringed Plaintiff's PENETREX Trademarks by marketing and selling confusingly similar PERFECTX-branded topical cream products.

81.     Defendant has further infringed Plaintiff's PENETREX Trademarks by using images of Plaintiff's PENETREX® branded products and PENETREX Trademarks in Defendant's advertising to create a false association with Plaintiff and to pass off its goods as Plaintiff's goods.

82.     Defendant has engaged in its infringing activity despite having actual and constructive notice, under 15 U.S.C. § 1052, of Plaintiff's federal registration rights and despite actual knowledge of Plaintiff's use of the PENETREX Trademarks.

83.     Defendant's actions are likely to mislead the public into concluding that its goods originate with or are authorized by Plaintiff, or vice versa, which will damage both Plaintiff and the public.

84.     Indeed, Plaintiff has already received multiple reports of actual confusion.

85.     Plaintiff has no control over the quality of goods sold by Defendant, and because of the source confusion caused by Defendant, Plaintiff has lost control over its valuable good will and reputation.

86.     As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will, and Defendant has unfairly acquired and will continue to unfairly acquire income, profits and good will.

87.     Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

88.     Because Defendant's acts of infringement are in bad faith, this action constitutes an exceptional case entitling Plaintiff to recover reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. 1125(a)(1)(A))

89.     Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as

if fully set forth herein.

90.     Plaintiff's PENETREX Trademarks are valid and enforceable trademarks entitled to protection under the Lanham Act, and Plaintiff has used the PENETREX Trademarks continuously in connection with its topical cream products since at least as early as December 1, 2007 for the PENETREX® Word Mark and Trade Dress, and May of 2022 for the PENETREX Design Mark.

91.     Defendant's use of the substantially similar PERFECTX mark, design mark, and trade dress in connection with its highly related topical cream products, each separately and in combination, is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant, in violation of 15 U.S.C. § 1125(a)(1)(A).

92.     Defendant's unauthorized marketing and sale of its products in interstate commerce using its infringing PERFECTX mark, design mark, and trade dress is intended to pass off Defendant's products as originating from Plaintiff. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

93.     Defendant has further infringed Plaintiff's PENETREX Trademarks by using images of Plaintiff's PENETREX® branded products and PENETREX Trademarks in Defendant's advertising to create a false association with Plaintiff and to pass off its goods as Plaintiff's goods.

94.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and good will.

95.     Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

### COUNT III
### FALSE ADVERTISING
#### (15 U.S.C. § 1125(a))

96.     Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

97.     Defendant's outlandish efficacy claims and its representation that the products are

made in the United States constitute false or misleading representations of fact regarding its products.

98.    Defendant's use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Defendant's goods.

99.    Defendant's use of false or misleading representations of fact has the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

100.    Defendant's false or misleading representations of fact are material because they are likely to influence the purchasing decisions of the target consumers.

101.    Defendant's falsely or misleadingly represented products are advertised, promoted, sold, and distributed in interstate commerce.

102.    Plaintiff has and continues to be injured by Defendant's false or misleading representations of fact through the diversion of sales and loss of good will.

103.    Defendant knows that its representations of fact are false or misleading.

104.    Defendant's false or misleading representations of fact were done with bad faith and malice or reckless indifference to Plaintiff's and consumers' interests.

105.    Defendant's bad faith false or misleading representations of fact regarding its association with Plaintiff and its place of manufacture makes this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

106.    As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will, and Defendant has and will continue to unfairly acquire income, profits and good will.

107.    Defendant continues to make false or misleading representations of fact and will continue to do so unless enjoined, and there is no adequate remedy at law.

**COUNT IV**
**CALIFORNIA UCL**
**(Cal. Bus. and Prof. Code § 17200, *et seq.*)**

108.    Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

109.    The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. Prof. Code § 17200.

110.    Defendant's unauthorized marketing and sale of its products in California using its infringing PERFECTX mark and trade dress, its false and misleading advertising of its products as connected to Plaintiff, its false and outlandish claims relating to efficacy, and/or being made in the United States constitute unfair competition.

111.     Defendant's actions are highly likely to, and indeed already have, deceived members of the consuming public and materially influenced purchasing decisions.

112.    As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will, and Defendant has and will continue to unfairly acquire income, profits and good will.

113.    Defendant has competed and will continue to compete unfairly and will continue to do so unless enjoined, and there is no adequate remedy at law.

## COUNT V
## CALIFORNIA FALSE ADVERTISING LAW
### (Cal. Bus. and Prof. Code § 17500 *et seq.*)

114.    Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

115.    Defendant's false and outlandish claims regarding efficacy and its representation that the products are made in the United States constitute false or misleading representations of fact regarding its products.

116.    Defendant's use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Defendant's goods.

117.    Defendant's use of false or misleading representations of fact has the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

118.    Defendant's false or misleading representations of fact are material because they are likely to influence the purchasing decisions of the target consumers.

119.    Defendant's falsely or misleadingly represented products are advertised, promoted, sold, and distributed in California.

120.    Plaintiff has and continues to be injured by Defendant's false or misleading representations of fact through the diversion of sales and loss of good will.

121.    Defendant knows that its representations of fact are false or misleading.

122.    Defendant's false or misleading representations of fact were done with bad faith and malice or reckless indifference to Plaintiff's and consumers' interests.

123.    As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will, and Defendant has and will continue to unfairly acquire income, profits and good will.

124.    Defendant continues to make false or misleading representations of fact and will continue to do so unless enjoined, and there is no adequate remedy at law.

**COUNT VI**
**UNFAIR COMPETITION**
**(California Common Law)**

125.    Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

126.    Under California common law, an unfair competition claim arises from the fraudulent purpose and conduct of the defendant in causing injury to the Plaintiff's trade.

127.    Plaintiff's PENETREX Trademarks are valid and enforceable trademarks entitled to protection, and Plaintiff has used the PENETREX Trademarks continuously in connection with its topical cream products since at least as early as December 1, 2007 and May of 2022.

128.    Defendant's use of the substantially similar PERFECTX mark and trade dress in connection with its highly related topical cream products is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant, in violation of 15 U.S.C. § 1125(a)(1)(A).

129.    Defendant's unauthorized marketing and sale of its products in interstate commerce using its infringing PERFECTX mark and trade dress is intended to pass off Defendant's products as originating from Plaintiff. The actions of Defendant as alleged herein constitute intentional, willful,

knowing, and deliberate unfair competition.

130.    As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will, and Defendant has and will continue to unfairly acquire income, profits and good will.

131.    Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** in consideration of the foregoing, Plaintiff Biomax Health Products LLC requests that this Court enter an Order granting it the following relief:

A.    Entering a judgment that Plaintiff's PENETREX Trademarks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B.    Entering a judgment that Defendant's infringing use of the PERFECTX mark, PENETREX Design Mark, and PENETREX Trade Dress, each individually and in combination, constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

C.    Entering a judgment that Defendant's use of Plaintiff's PENETREX Trademarks in its advertising and its false and misleading claim that it is manufactured in the United States constitutes false advertising in violation of 15 U.S.C. § 1125(a);

D.    Entering a judgment that Defendants' infringing use of the PERFECTX mark and PENETREX Trade Dress and false advertising constitutes unfair, fraudulent, and unlawful business practices in violation of California Business and Professions Code § 17200, *et seq.*

E.    Entering a judgment that Defendant's use of Plaintiff's PENETREX Trademarks in its advertising and its false and misleading claim that it is manufactured in the United States constitutes false advertising in violation of in violation of Cal. Bus. and Prof. Code § 17500, *et seq.*;

F.      Entering a judgment that Defendant's infringing use of the PERFECTX mark and PENETREX Trade Dress and false advertising constitutes unfair competition in violation of California common law;

G.      Permanently enjoining and restraining Defendant and its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the trademark PERFECTX, PENETREX, ████████████████████, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's PENETREX Trademarks;

H.      Permanently enjoining and restraining any internet marketplace website operators and/or administrators, or any third-party providing services in connection with any of Defendant's infringing products and/or any of Defendant's websites, including without limitation, ukliss.com, Amazon.com, Alibaba.com, eBay.com, Facebook.com, and ISPs, from listing Defendant's infringing products;

I.      Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

J.      Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

K.      Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement, unfair competition, and false advertising, including but not limited to prospective corrective advertising costs, said amount to be trebled pursuant to 15 U.S.C. § 1117;

L.      Awarding to Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

M.      Awarding Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

N.      Awarding Plaintiff costs of suit, prejudgment and post judgment interest; and

O.      Granting Plaintiff such other and further relief as the Court may deem just.

Dated: June 8, 2023                          AMIN TALATI WASSERMAN LLP

                                             By:    /s/ William P. Cole
                                                    William P. Cole

                                                    Attorneys for Plaintiff

                                                    BIOMAX HEALTH PRODUCTS LLC

# EXHIBIT A



# United States of America
## United States Patent and Trademark Office

# PENETREX

**Reg. No. 4,156,859**  BIOMAX HEALTH PRODUCTS, INC. (CALIFORNIA CORPORATION)
14844 FISHER COVE
**Registered June 12, 2012** DEL MAR, CA 92014

**Int. Cl.: 5**  FOR: TOPICAL ANALGESIC CREAMS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 12-1-2007; IN COMMERCE 12-1-2007.

**TRADEMARK**

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-372,339, FILED 7-15-2011.

KAREN SEVERSON, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

*First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

*Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.