AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
Fax: (312) 884-7352
william@amintalati.com

AMIN TALATI WASSERMAN, LLP
Jonathan Krit, *pro hac vice*
Manon Burns, Bar No. 347139
549 W Randolph St., Ste. 400
Chicago, IL 60661
Tel: (312) 466-1033
Fax: (312) 884-7352
jonathan@amintalati.com
manon@amintalati.com

Attorneys for Plaintiff
Biomax Health Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOMAX HEALTH PRODUCTS LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PERFECTX USA, a business entity of unknown type and organization,<br><br>　　　　　Defendant. | Case No.: 3:23-cv-02834-SI<br><br>**[PROPOSED] ORDER ENTERING PERMANENT INJUNCTION AND JUDGMENT** |

On November 17, 2023, the Court held a hearing to determine whether to grant Plaintiff's Application for Entry of Default Judgment and a permanent injunction. Having granted the application, the Court hereby **ORDERS**:

## PERMANENT INJUNCTION

(1) Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby enjoined and restrained:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing a mark that is identical or confusingly similar to the PENETREX Trademarks identified in the Complaint in this matter; and b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of:

(i) any products bearing marks that are identical or confusingly similar to the PENETREX Trademarks,

(ii) any evidence relating to the manufacture, importation, sale, off er for sale, distribution, or transfer of any products bearing marks that are identical or confusingly similar to the PENETREX Trademarks;

(2) Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall immediately discontinue the use of marks that are identical or confusingly similar to the PENETREX Trademarks, on or in connection with all Internet websites owned and operated, or controlled by them or in connection with any ecommerce platforms owned by third parties where Defendant offers goods for sale;

(3) Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall immediately discontinue the use of marks that are identical or confusingly similar to the PENETREX Trademarks in association with ecommerce websites, domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or

cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, operated, or controlled by Defendant or in connection with any ecommerce platforms owned by third parties where Defendant offers goods for sale.

## JUDGMENT

A.      Plaintiff's PENETREX Trademarks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B.      Defendant's infringing use of the PERFECTX mark, PENETREX Design Mark, and PENETREX Trade Dress, each individually and in combination, constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

C.      Defendant's use of Plaintiff's PENETREX Trademarks in its advertising and its false and misleading claim that it is manufactured in the United States constitutes false advertising in violation of 15 U.S.C. § 1125(a);

D.      Defendants' infringing use of the PERFECTX mark and PENETREX Trade Dress and false advertising constitutes unfair, fraudulent, and unlawful business practices in violation of California Business and Professions Code § 17200, *et seq.*

E.      Defendant's use of Plaintiff's PENETREX Trademarks in its advertising and its false and misleading claim that it is manufactured in the United States constitutes false advertising in violation of in violation of Cal. Bus. and Prof. Code § 17500, *et seq.*;

F.      Defendant's infringing use of the PERFECTX mark and PENETREX Trade Dress and false advertising constitutes unfair competition in violation of California common law;

G.      Pursuant to 15 U.S.C. § 1116(a), Defendant shall file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H. Pursuant to 15 U.S.C. § 1118, Defendant and all others acting under Defendant's authority, at their cost, shall deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation; and

I. Plaintiff is awarded costs of suit, prejudgment and post judgment interest.

IT IS SO ORDERED.

DATED: November 22, 2023

UNITED STATES DISTRICT JUDGE
SUSAN ILLSTON